[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10341
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

D. C. Docket No. 8:09-cr-00429-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK WARDELL MITCHELL,
a.k.a. Wardell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Wardell Mitchell appeals his convictions and 747-month total

sentence for conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); two counts of aiding and abetting the discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts 3 and 5); and carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count 4). On appeal, Mitchell raises four principal arguments: (1) the district court abused its discretion in denying his motions for mistrial; (2) the court erred in allowing the government to shift the burden of proof through a line of questioning about him being able "to tell his story"; (3) the court erred in failing to provide an expert witness instruction to the jury; and (4) his 747-month total sentence was substantively unreasonable. After thorough review, we affirm.

We review a district court's decision not to grant a mistrial for abuse of discretion. United States v. Jennings, 599 F.3d 1241, 1249 (11th Cir. 2010). Generally, we review a claim of prosecutorial misconduct de novo because it presents a mixed question of law and fact. United States v. Duran, 596 F.3d 1283, 1299 (11th Cir.), cert. denied, 131 S.Ct. 210 (2010). We review the legal correctness of a jury instruction de novo, but will defer on questions of phrasing absent an abuse of discretion. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). We review the sentence a district court imposes for "reasonableness,"

which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Mitchell's argument that the district court abused its discretion when it denied his motions for mistrial, because hearsay statements of Detective Sal Augeri on a tape recording that was played to the jury, and Augeri's trial testimony that Mitchell had previously been locked-up, were prejudicial. In order to prevail on a motion for mistrial, the movant must show that his substantial rights have been prejudicially affected. United States v. Emmanuel, 565 F.3d 1324, 1334 (11th Cir. 2009). "This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007). We make this determination in the context of the entire trial and in light of any curative instruction. Id. "[W]hen a district court gives a curative instruction, the reviewing court will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." United States v. Delgado, 321 F.3d 1338, 1347 (11th Cir. 2003) (quotations omitted).

In this case, the district court did not abuse its discretion in denying Mitchell's motions for mistrial. With respect to the recorded statements of

Detective Augeri, Mitchell was not prejudicially affected by their being played to the jury because the majority of Augeri's statements during those pages merely placed one of the witnesses's responses into context. In addition, the court gave numerous curative instructions to the jury to ignore Augeri's statements, and those statements were not so highly prejudicial as to be incurable. See id.; see also United States v. Byrom, 910 F.2d 725, 730, 737 (11th Cir. 1990) (holding that a confidential informant's statements on a videotape were admissible after an instruction by the district court that they were not offered for the truth of the matter asserted, but to place the defendant's comments into context).

With respect to Augeri's trial testimony that Mitchell had been "locked up," Mitchell was similarly not prejudiced, because this part of Augeri's testimony was brief and unelicited by the government, and the court immediately provided a curative instruction to the jury. See Emmanuel, 565 F.3d at 1334 ("[W]here the comment is brief, unelicited, and unresponsive, adding nothing to the government's case, the denial of a mistrial is proper."). Furthermore, there was overwhelming evidence against Mitchell at trial -- including that Mitchell had received medical treatment for a gunshot wound, that Mitchell had confessed to a friend that he had committed the robbery, and that a police officer had identified

4

Mitchell as one of the robbers -- and he has not shown that, but for the testimony, the outcome of the trial would have been different.

Second, we find no merit in Mitchell's claim that he was entitled to a new trial when the government questioned him about not having a previous opportunity "to tell his story." "To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006) (quotation omitted). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." Id. "Thus, where there is sufficient independent evidence of guilt, any error is harmless." United States v. Merrill, 513 F.3d 1293, 1307 (11th Cir. 2008) (quotation omitted).

Here, the government's questioning of Mitchell about his failure to tell the authorities his story was not improper. Mitchell testified that he "never got a chance to tell [his] story," and that his testimony was the "first time" he had said what happened. The record shows that this statement was unsolicited by the government, and thus, Mitchell effectively opened the door to the prosecutor's questioning. See United States v. Daniels, 617 F.2d 146, 150 (5th Cir. 1980) (holding that a prosecutor's remarks during closing argument that the defendant

5

had not been fully cooperative were permissible to rebut the defendant's assertion that he had cooperated with the authorities when the defendant had "opened the door to comment on the issue of his cooperation, and the prosecutor's statement fell within the doctrine of fair reply.").[1]   Moreover, as noted above, Mitchell has failed to establish that but for the prosecutor's questions, the outcome of his trial would have been different.

Third, we reject Mitchell's claims that the district court erred in failing to provide the jury with an expert witness instruction for the testimony of David Snavely, or alternatively, that the failure of his trial counsel to request an expert witness instruction constituted ineffective assistance of counsel.  Generally, district courts "have broad discretion in formulating jury instructions," and we will not reverse a conviction due to a jury charge "unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process."  Prather, 205 F.3d at 1270.  However, a party invites error, and thus precludes review of any error on appeal, when it informs the district court that a jury instruction was acceptable.  United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005) (holding that a party invites error when it states that an

_____

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

instruction "covered the bases" or that a proposed correction to an instruction was not "necessary").

As the record shows, Mitchell failed to request an expert witness instruction at the preliminary jury charge conference, and when asked by the court if an expert witness had testified, he failed to respond. In addition, after informing the court at the jury charge conference that he reviewed the instructions "with a fine tooth comb," he responded in the negative to the court's question about whether there was anything else it needed to consider with respect to the instructions. In this respect, Mitchell's comments to the court, or lack thereof, are the functional equivalent of the defendant in Silvestri replying that the instructions "covered the bases," and of the defendant in Fulford informing the court that its instructions were "acceptable." See Silvestri, 409 F.3d at 1337; United States v. Fulford, 267 F.3d 1241, 1247 (11th Cir. 2001). In addition, he responded in the negative to the court's question at the jury charge conference about whether there was anything else it needed to consider with respect to the instructions. As a result, Mitchell invited any error in the court's jury instructions, and thus, we will not review this claim on appeal. See Silvestri, 409 F.3d at 1337.

We also decline to address Mitchell's ineffective-assistance-of-counsel claim on direct appeal because the record is not sufficiently developed to allow

meaningful review of the claim. See Merrill, 513 F.3d at 1308 (holding that "except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal" (quotation and alteration omitted)). We note, moreover, that Mitchell remains free to raise this claim in a collateral proceeding. Massaro v. United States, 538 U.S. 500, 503-04 (2003) (holding that an appellant may raise an ineffective-assistance-of-counsel claim in a collateral proceeding, even if he failed to raise the issue on direct appeal).

Finally, we disagree with Mitchell's argument that his sentence was substantively unreasonable because the district court failed to give weight to "several" mitigating factors under 18 U.S.C. § 3553(a).[2] We review the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). This review is "deferential," requiring us to determine "whether the sentence imposed by the

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S. Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). Although we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). The sentencing court need not explicitly articulate that it has considered the §

9

3553(a) factors and need not discuss each factor, so long as the record indicates that the court considered the factors in some form. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (holding that a sentence was not unreasonable because, "[d]espite the district court's failure to explicitly articulate that it had considered the § 3553(a) factors, by virtue of the court's consideration of [the defendant's] objections and his motion for a downward departure, the court did, in fact, consider a number of the sentencing factors . . .").

On this record, Mitchell's is substantively reasonable.[3] For starters, Mitchell's 747-month term total sentence is within, though at the high-end, of the advisory guideline range. As for Mitchell's argument that the court failed to consider the § 3553(a) factors he presented in mitigation, the record shows that the sentencing judge stated that she had reviewed the PSI and the advisory Guidelines. The court found that its sentence complied with the purposes of sentencing as set forth in § 3553(a) after considering the advisory guideline recommendation, the minimum mandatory sentences required by statute, and "all of the factors identified in [§ 3553(a)(1-7)]." Thus, the fact that the court did not explicitly address the factors raised by Mitchell, such as the sentence received by others involved in the

_____

[3] Notably, Mitchell does not challenge the procedural reasonableness of his sentence.

10

robbery, his age, or his history and characteristics, does not render the court's sentence substantively unreasonable. See Dorman, 488 F.3d at 944.

Moreover, in requesting a 35-year total sentence, Mitchell effectively argued for a sentence of zero months' imprisonment -- and thus, a substantial downward variance -- for Counts 1, 2, and 4. However, Mitchell failed to establish that his circumstances, in light of the § 3553(a) factors, justified such a variance. Rather, the court found that it "simply couldn't" sentence him to a minimum mandatory sentence of 35 years' imprisonment for numerous reasons supported by the record. For example, the court noted that the waitresses at the Waffle House had guns put to their heads, that there could have been victims on the road during the high speed chase with the police, and that police officers could have been killed during the incident. The court also decided not to sentence Mitchell at the low-end of the Sentencing Guidelines because (i) of the violence involved in the offenses, and (ii) Mitchell had not testified truthfully at trial. The court further said that it had "thought long and hard" about the sentence and that the sentence would "send[ ] a message that this type of behavior isn't going to be tolerated" and would compensate the victims for what had occurred. Accordingly, the record demonstrates that the district court properly considered the facts of this case, as

well as the factors listed in § 3553(a), and the decision to impose a sentence at the high-end of the recommended guideline range was not an abuse of discretion.

**AFFIRMED.**